GORDON REES SCULLY MANSUKHANI LLP

MIA D. OBCIANA 8242
500 Ala Moana Boulevard, Suite 7400
Honolulu, Hawaii 96813
Telephone: (808) 441-1824
Facsimile: (808) 464-6535
Email: mobciana@grsm.com

Attorneys for Plaintiff
JTH TAX LLC d/b/a LIBERTY TAX SERVICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE,<br><br>Plaintiff,<br><br>vs.<br><br>OWEN H. D'SOUZA, NORMA C. D'SOUZA, and PICASSO TRIGGER COMPANY LLC,<br><br>Defendants. | 1:20-CV-00087 JAO-KJM<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c), FILED DECEMBER 15, 2020; EXHIBIT "A"; DECLARATION OF MIA D. OBCIANA<br><br>Hearing<br>Date: January 26, 2021<br>Time: 10:00 a.m. |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c), FILED DECEMBER 15, 2020

Plaintiff JTH TAX LLC d/b/a LIBERTY TAX SERVICE ("Plaintiff"), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully submits its Memorandum in Opposition to Defendants' Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c), Filed December 15, 2020 ("Motion").

## I. INTRODUCTION

Defendants' Motion seeks to set aside entry of default judgment obtained December 3, 2020. [ECF 33]. The Motion should be denied because Defendants failed to provide good cause as to why default should be set aside or any justifiable reason for their failure to respond to the Complaint in this case [ECF 1]. In fact, Defendants affirmatively assert they intentionally failed to file an answer because they were contemplating filing for bankruptcy and filing an answer would be "a moot point." See, Defendants' Motion [ECF 37], p. 5, ¶ 4.

Additionally, Defendants' counsel did not comply with Local Rule 7.8 and the Order Denying Defendants' Motion to Set Aside Entry of Default and Amended Motion to Set Aside Entry of Default, filed December 16, 2020.

## II. STATEMENT OF FACTS

Defendants signed a Franchise Agreement with Plaintiff on April 18, 2014. The Franchise Agreement contained various rights and obligations on the parties related to providing tax return and electronic filing services on the island of Maui. As part of the Franchise Agreement, Plaintiff offered Defendants with training in

marketing, advertising, sales, and business systems. Defendants also received confidential information including operating procedures, marketing strategies, and advertising materials.

In exchange, Defendants agreed not to use any software not provided by Plaintiff to prepare or electronically file federal or state personal income tax returns without Plaintiff's prior written consent. Defendants also agreed that they would not "directly or indirectly, …, prepare or electronically file income tax returns," or offer financial services "except in [Defendants'] capacity" as a franchisee. Further, for two years after the termination of the Franchise Agreement, Defendants agreed not to "prepare or electronically file income tax returns…within…twenty-five miles" of the franchised location and would not solicit any customers it serviced while under the Franchise Agreement. See Complaint [ECF No. 1], p. 11, ¶46. The agreement also prohibited Defendants from using any confidential information for their personal benefit or to benefit any entity unless authorized by Plaintiff. See, generally, Complaint [ECF No. 1].

Despite these covenants, Defendants formed an entity that offered tax preparation and electronic filing services less than twenty-five miles from the franchise location, used software not provided by Plaintiff to electronically file tax returns, failed to pay the required fees for tax services, and regularly solicited customers from Plaintiff's business. See, generally, Complaint [ECF No. 1].

Plaintiff filed a complaint on February 24, 2020, alleging: (1) equitable relief for breach of the Franchise Agreement; (2) monetary relief for breach of the Franchise Agreement; (3) monetary relief for amounts owed pursuant to the Franchise Agreement; (4) fees, royalties, and other amounts owed pursuant to the Franchise Agreement; (5) breach of the non-compete clause of the Franchise Agreement; (6) trademark infringement; (7) false designation and misrepresentation of origin; (8) trademark dilution; (9) violation of 18 U.S.C. § 1836, *et seq.*; (10) unjust enrichment; and (11) temporary and permanent injunctions preventing Defendants from further breach of the Franchise Agreement. See Complaint [ECF No. 1]. Defendants failed to file any responsive pleading and Plaintiff filed for entry of default judgment on November 28, 2020. [ECF No. 32]. Entry of Default was filed by the Clerk on December 3, 2020. [ECF No. 33].

On December 12, 2020, Defendants filed their Motion to Set Aside Entry of Default and Amended Motion to Set Aside Entry of Default [ECF 34, 35]. On December 16, 2020, the Court denied their motions and instructed counsel "to discuss thoroughly…the substance of the contemplated motion and any potential partial or complete resolution[.]" [ECF 36].

On December 21, 2020, counsel for Defendants contacted Plaintiff's counsel by phone. Declaration of Mia D. Obciana ("Obciana Decl."), ¶ 6. During the phone

call, Mr. Collins simply asked if Plaintiff still refused to stipulate to set aside default. Id. When Plaintiff's counsel attempted to discuss the merits of Defendants' claims as required by Rule 55(c), Mr. Collins became belligerent, yelled, and promptly terminated the phone call. See Exhibit A Obciana Decl. ¶ 6. The parties have not thoroughly discussed the substance of Defendants' Motion or any partial or complete resolution. Obciana Decl. ¶ 6.

## III. ARGUMENT

### A. Legal Standard

"When a party against whom a judgment for affirmative relief sought has failed to plead or otherwise defend," the court clerk may "enter the party's default," Fed. R. Civ. P. 55(c).

Fed. R. Civ. P. 55(c) permits "[t]he court to set aside an entry of default for good cause." "Good cause" is determined in Rule 55(c) as "the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir.2004) (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001)). In considering a motion pursuant to Rule 55(c), the court should consider: "(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]." *Id.* at 925-26. The disposition of

a motion to set aside default is within the discretion of the court. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1991).

Each of these factors is considered separately and allows the Court to determine whether to set aside default based on any one factor. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (citing *In re Hammer*, 940 F.2d 524, 525026 (9th Cir. 1991)). The burden of showing these factors favor setting aside default lies with the party seeking relief pursuant to Rule 55(c), namely, Defendants. *Franchise Holding II, LLC*., 375 F.3d at 926.

**B. Defendants Fail to Show Good Cause to Set Aside Default**

**1. Defendants Intentionally Failed to Respond to the Complaint**

Defendants' Motion ***admits*** they intentionally failed to respond to the Complaint. ECF No. 38-1, p. 2. In the Factual Background section of their Motion, Defendants' counsel claims that because they are normally retained for bankruptcy purposes, they do not focus on filing an answer and "missed the fact that the Complaint was not answered[.]" Id. This statement is not only a shocking admission of their disregard for court procedure but tantamount to an admission of legal malpractice. Counsel needs only to refer to the docket, which is readily available, to discover that an answer or other responsive pleading was not filed. Counsel's failure to take this simple step does not excuse Defendants' lack of response and is not grounds for setting aside default.

A court should look to whether the defaulting party's conduct was culpable "by looking at the totality of the circumstances and whether the conduct was 'willful, deliberate, or evidence of bad faith.'" *TCI Grp.*, 244 F.3d at 697 (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* at 697 (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). In this case, there is no question Defendants received actual notice of the lawsuit, as evidenced by the executed Proof of Service. [ECF Nos. 14-16].

**2. Defendants Breached the Franchise Agreement**

In order to justify setting aside default, the defaulting party must make "some showing of a meritorious defense." *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986) (citing Wright & Miller, § 2697 (Supp. 1986); *Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir. 1976)). "To establish a meritorious defense, the defendant must state a defense good at law which is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Am. Exp. Travel Related Servs. Co. v. Tangredi*, 2010 WL 1426915, at *6 (M.D. Tenn. Apr. 8, 2010) (citing *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 434 (6th Cir. 1996) (internal quotation marks omitted); *accord Girafa.com, Inc. v. Smartdevil Inc.*, 728 F.Supp.2d 537, 545 (D.Del. 2010); *Pall*

*Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 56 (E.D.N.Y. 2008); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F.Supp.2d 712, 718 (D. Md. 2001) (citing *Jones v. Phillips*, 39 F.3d 158, 165 (7th Cir. 1994)). Showing a meritorious defense "requires that a party show more than mere conclusory allegations, and 'must present specific facts that would constitute a defense[.]'" *TCI Group*, 244 F.3d at 700 (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)).

While the federal rules do not expressly require a showing of a meritorious defense, the Ninth Circuit requires the "defendant merely 'allege[] various defenses based on the contract' during the hearing on the motion to set aside the default judgment." *American Contractors Indemnity Co. v. Fernandez*, at *6 (citing *Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir. 1992)); see also *Botts v. Kompany.com*, 2010 WL 11465403, at *3 (C.D. Cal. July 12, 2010) (citing *Price, supra*). "A mere denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holdings,* 375 F.3d at 926 (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)).

Here, Defendants' Motion does not present any meritorious defense. The only argument is "Defendants run a completely different business" and therefore "there is no competition and thus no financial loss." This is not a meritorious defense. As stated in *American Contractors Indemnity*, Defendants must present factual and/or legal support sufficient to justify setting aside default. Of the eleven

causes of action in the Complaint, Defendants arguably address one. Their Motion makes no attempt to provide any factual or legal support to substantively defend against any of its numerous breaches.

Additionally, even if Defendants' argument is true, and they are engaged in a completely different business model than Plaintiffs, this does not relieve them of liability. This case is based largely on breach of contract; the Franchise Agreement required Defendants to pay royalties and fees based on gross receipts, use Plaintiff's trade and service marks, and prohibited Defendants from preparing or electronically filing income tax returns or offer any financial services for a twenty-five mile radius from the franchise location. None of these obligations are addressed by the vague statement that Defendants are engaged in a "different business" than Plaintiff. Nor does it address the allegations related to trademark dilution and trademark infringement.

**3. Setting Aside Default Would Prejudice Plaintiff**

Courts also consider whether setting aside default would result in prejudice to the non-defaulting party. *See, e.g., Franchise Holding II*, 375 F.3d at 925 (citing *TCI Grp.*, 244 F.3d at 696, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)); *see also Am. Ass'n of Naturopathic Physicians*, 227 F.3d at 1108 (citing *In re Hammer*, 940 F.2d at 525-

26); *Cty of Hawai'i v. Ala Loop Homeowners*, 235 P.3d 1103 (Hawai'i 2010) (citing *Rearden Fam. Trust v. Wisenbaker*, 65 P.3d 1029, 1046 (Hawai'i 2003)).

Plaintiffs have been suffering ongoing and continued damages through Defendants' multiple breaches of the Franchise Agreement. To date, Defendants have failed to comply with any of their obligations pursuant to the agreement or their post-termination obligations. Defendants continue to breach the agreement every day, causing damage to Plaintiff through monetary losses, dilution of its trade and service marks, and loss of goodwill from its customers.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court deny Defendants' Motion.

DATED: Honolulu, Hawai'i, January 5, 2021.

/s/ Mia D. Obciana
MIA D. OBCIANA
Attorney for Plaintiff
JTH TAX LLC d/b/a
LIBERTY TAX SERVICE