IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE,<br><br>                   Plaintiff,<br>  vs.<br><br>OWEN H. D'SOUZA, NORMA C. D'SOUZA, and PICASSO TRIGGER COMPANY LLC,<br><br>                   Defendants. | 1:20-CV-00087 JAO-KJM<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.      FACTUAL BACKGROUND

Liberty is a company that offers tax preparation services with franchises in over 3,500 offices across the country. On April 18, 2014, Liberty signed a franchise agreement ("Franchise Agreement") with Defendants to operate a Liberty office on the island of Maui.

As the governing document between the parties, and the document giving rise to the allegations in the Complaint, the language of the Franchise Agreement controls the issues in this case. Section 19 of the Franchise Agreement states, "This Agreement is the entire agreement is the entire agreement between you and us.

This Agreement supersedes all other prior oral and written agreements and understandings between you and us with respect to the subject matter herein."

## II.     ARGUMENT

Fed. R. Evid. 402 allows the introduction of only relevant evidence. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R Evid. 401. Documents, evidence, or testimony related to discussions prior to the parties signing the April 18, 2014 franchise agreement are not relevant as the agreement supersedes any prior understandings or agreements. The clear and express language of the Franchise Agreement states that any understandings or agreements between the parties prior to April 18, 2014, are superseded by the covenants in the Franchise Agreement.

Even if documents, testimony, or other information related to prior agreements are somehow relevant, any such evidence should be excluded as it would confuse the issues and is prejudicial. Fed. R. Evid. 403 states "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the [finder of fact], or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."

Any evidence related to prior agreements or understandings is not only irrelevant, but is prejudicial, confusing and misleading. While Liberty has every confidence the Court is capable of determining what information is prejudicial and should be disregarded, any emphasis on prior understandings or agreements would only lengthen the trial and cause unnecessary delay and presentation of evidence that is not probative to the issues.

Other cases similarly support the exclusion of such testimony under Rule 403. *See State v. Calaro,* 107 Hawaiʻi 452, 461-62, 114 P.3d 958, 967-68 (App.2005) (stating under Rule 403, the probative value of toxicology report of victim was outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay or waste of time when the evidence already established victim died from other causes); *State v. Sale*, 110 Hawaiʻi 386, 394-95, 133 P.3d 815, 823-24 (2006) (stating that testimony about relationship between defendant and his nephew should be barred under Rule 403 because it was not a key issue and diverted the jury's attention from actual evidence presented).

### III.   CONCLUSION

Based on the foregoing, Liberty respectfully requests the Court grant its Motion and issue an order *in limine*, excluding the introduction of documents, testimony, or other evidence related to any prior agreements or understandings.

DATED:   Honolulu, Hawai'i, June 8, 2021.

        /s/ Mia D. Obciana
MIA D. OBCIANA
Attorney for Plaintiff
JTH TAX LLC d/b/a
LIBERTY TAX SERVICE