CAIN & HERREN, ALC
ATTORNEYS AT LAW
Michael J. Collins  #9087
2141 W. Vineyard Street
Wailuku, Hawai'i 96793
Tel:   (808) 242-9350
Fax:  (808) 242-6139
Email:     mike@cainandherren.com
*Attorneys for Defendants OWEN H. D'SOUZA ET AL.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JTH Tax LLC, doing business as Liberty Tax Service,<br><br>Plaintiff,<br><br>vs.<br><br>OWEN H. D'SOUZA; NORMA C. D'SOUZA; PICASSO TRIGGER COMPANY LLC,<br><br>Defendants. | 1:20-cv-00087-JAO-KJM<br>(840 Trademark)<br><br>DEFENDANTS' TRIAL BRIEF<br><br><br>Trial<br>Date:   June 28, 2021<br>Time:  8:30 a.m.
Judge: Hon. Jill A. Otake |

## DEFENDANTS' TRIAL BRIEF

COMES NOW, Defendants OWEN H. D'SOUZA, NORMA C.

D'SOUZA, and PICASSO TRIGGER COMPANY LLC, by and through

their attorneys, CAIN & HERREN, ALC, and pursuant to Paragraph 29 of

the Rule 16 Scheduling Order, which was filed June 26, 2020, Dkt. 23, submits the following trial brief.

### Overview

This case involves Plaintiff's attempt to enforce its franchise agreement to protect its intellectual property and enforce its noncompete against Defendants, the franchisees. The evidence will show that our clients tried in good faith to meet its obligations to the franchise agreement because they were excited to work with Plaintiff, but then Plaintiff through its area developers engaged in conduct that interfered with Defendants ability to run a profitable business. The case will also show that Picasso Trigger Company LLC is a distinct entity from Plaintiff and services business tax clients that are a substantially different market than Liberty Tax Service.

Defendants' goal in this is for the Court to find that it turned over all intellectual property and that its current business is different enough from the old business to not be considered a competitor.

### No Breach of the Franchise Agreement

Defendants do not contest the validity of the two franchise agreements, just that in enforcement they have met their obligations and

Defendants' Trial Brief
JTH Tax LLC v. Owen H. D'Souza, et al.
1:20-cv-00087-JAO-KJM

have not violated them. The Complaint references Defendants' website, Facebook page and FEIN to indicate it is competing against Plaintiff, but the nature of Defendants' business is substantially different from Plaintiff's. Also Defendants were not able to use Liberty Tax software because the Liberty Tax closed off access to the software when Defendants closed their Liberty Tax locations. The Court should also find that the term of the second Franchise Agreements ended April 18, 2019. Plaintiff's calculation of damages is unfounded because there is no evidence that the business tax returns that Defendants filed for their clients are returns that Plaintiff would have filed under its business model.

15 U.S.C. § 1114(l) is inapposite because Defendants did not use Plaintiff's trademark in the facts as alleged in this case. Defendants used their own trademark in doing business as Picasso Trigger.

Under no set of facts can the Plaintiffs show that Defendants miss-appropriated Liberty Tax trade secrets in violation of 18 U.S.C. § 1836.

In <u>Winter v. Natural Resources Defense Council</u>, Inc., 555 U.S. 7 (2008), the Supreme Court described the balancing test for whether a preliminary injunction is appropriate. A court needs to examine whether the plaintiff is likely to succeed on the merits, whether the plaintiff is likely to

Defendants' Trial Brief
JTH Tax LLC v. Owen H. D'Souza, et al.
1:20-cv-00087-JAO-KJM

suffer irreparable harm without the injunction, whether the balance of equities and hardships is in the plaintiff's favor, and whether an injunction is in the public interest. The evidence at trial will show that Liberty has not suffered harm without the injunction. In fact Defendants repeatedly referred cases over to Liberty when they were simple consumer returns. Plaintiffs engaged in much bad conduct which interfered with Defendants' ability to do business and perform their obligations under the franchise agreement, so the equities are not in Plaintiff's favor. Finally, the public is not served by the draconian enforcement of the franchise agreement because Plaintiff engages in business practices that hurt the public.

### Dispute over exhibits

Defendants in good faith have served Plaintiff with its exhibits pursuant to the pretrial order. Many of the exhibits were provided in Defendants' response to Plaintiff's discovery request. Defendants should not be barred from making reference to them at trial simply because they were not alluded to in the final pretrial brief.

In short, Defendants are defending themselves in this case to stand up to Plaintiff, so that future franchisees do not have to be subject to the same unfair and deceptive trade practices of the Plaintiff.

Defendants' Trial Brief
JTH Tax LLC v. Owen H. D'Souza, et al.
1:20-cv-00087-JAO-KJM

Dated: Wailuku, Maui, Hawaii, Tuesday, June 15, 2021.

CAIN & HERREN, ALC

_____

Michael J. Collins, Esq.
*Attorneys for Defendants Owen H. D'Souza,
Norma C. Souza & Picasso Trigger
Company LLC*

Defendants' Trial Brief
JTH Tax LLC v. Owen H. D'Souza, et al.
1:20-cv-00087-JAO-KJM