MIA D. OBCIANA        8242
GORDON REES SCULLY MANSUKHANI LLP
500 Ala Moana Boulevard, Suite 7400
Honolulu, Hawaii 96813
Telephone:  (808) 441-1824
Facsimile:  (808) 464-6535
Email:  mobciana@grsm.com

Attorneys for Plaintiff
JTH TAX LLC d/b/a LIBERTY TAX SERVICE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE,<br><br>                          Plaintiff,<br>     vs.<br><br>OWEN H. D'SOUZA, NORMA C. D'SOUZA, and PICASSO TRIGGER COMPANY LLC,<br><br>                          Defendants. | 1:20-CV-00087 JAO-KJM<br><br>PLAINTIFF JTH TAX LLC d/b/a/ LIBERTY TAX SERVICE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW<br><br>Trial Date: June 28, 2021<br>Time:         8:30 A.M.<br>Judge:        Hon. Jill A. Otake |

PLAINTIFF JTH TAX LLC d/b/a/ LIBERTY TAX SERVICE'S
<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Plaintiff JTH Tax LLC d/b/a Liberty Tax Service ("Liberty"), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, pursuant to Federal Rules of Civil Procedure Rule 52, hereby submits its Proposed Findings of Fact and Conclusions of Law

## A. Findings of Fact

1. Liberty is a Delaware limited liability company with its principal place of business in the Commonwealth of Virginia.

2. Defendant Owen D'Souza ("D'Souza") and Norma D'Souza are citizens of the State of Hawai'i.

3. Defendant Picasso Trigger Company LLC ("Picasso Trigger") (collectively with D'Souza and Norma D'Souza "Defendants") is a limited liability company organized and existing under the laws of the State of Hawai'i.

4. Liberty is a franchisor of Liberty Tax Service, an income tax preparation service with locations throughout the United States.

5. On or about January 2011, Liberty approached D'Souza in hopes of having D'Souza operating a franchise location on the island of Maui in the State of Hawai'i.

6. Approximately 5 months later, D'Souza consulted with a retired attorney prior to signing the franchise agreement on July 7, 2011 ("2011 Franchise Agreement").

7. The 2011 Franchise Agreement allowed D'Souza, under the name of Picasso Trigger, to operate a franchise location at 1367 S. Kihei Road, Kihei, HI on the island of Maui ("2011 Franchise Location").

8. In December 2011, D'Souza registered and formed Picasso Trigger.

9. Picasso Trigger offers a wide variety of services including: tax return preparation and electronic filing; starting new businesses; conversions; business tax services; non-resident tax returns; multi-state tax returns; out-of-state tax returns; Internal Revenue Service or state tax issues; foreign taxes; accounting; payroll; bookkeeping; general excise taxes; and other related services.

10. In or about January 2014, D'Souza approached Liberty about entering into a second franchise agreement.

11. On April 18, 2014, Liberty and Picasso Trigger executed a franchise agreement ("2014 Franchise Agreement") and Promissory Note – Sole Proprietorship or Partnership ("Promissory Note").

12. The 2014 Franchise Agreement allowed Picasso Trigger to operate a franchise location at 270 Lahainaluna Road, Lahaina, HI ("2014 Franchise Location").

13. The 2011 Franchise Location and 2014 Franchise Location both used the phone number (808) 662-3829.

14. D'Souza and Defendant Norma D'Souza signed the 2011 Franchise Agreement, 2014 Franchise Agreement, and Promissory Note in their individual capacities and in their capacity as members of Picasso Trigger.

15. The Promissory Note included a personal guarantee signed by D'Souza and Norma D'Souza.

16. Pursuant to the 2011 and 2014 Franchise Agreements, Liberty provided Defendants with training in franchise operation, marketing, advertising, sales, and business systems.

17. In exchange for the grant of a franchise, Defendants agreed to certain obligations while operating a franchise location.

18. In exchange for the grant of a franchise, Defendants agreed to certain post-termination obligations.

19. Pursuant to Section 4 of the 2011 and 2014 Franchise Agreements, Defendants agreed to pay royalties, advertising fees, and interest.

20. Pursuant to Section 4 of the 2011 and 2014 Franchise Agreements, the royalties and advertising fees are calculated as a percentage of monthly Gross Receipts and are due on the 5th of each month.

21. Pursuant to Section 4 of the 2011 and 2014 Franchise Agreements, the Defendants agreed to pay interest on amounts fifteen (15) days past due at a rate of 12% compounded daily.

22. Pursuant to Section 9 of the 2011 and 2014 Franchise Agreements, Defendants agreed that upon termination, Defendants would pay all amounts owed to Liberty and adhere to a post-term covenant not to compete and not to solicit.

23. Pursuant to Section 10 of the 2011 and 2014 Franchise Agreements, Defendants agreed to an in-term covenant not to compete, which provides that during the term of the 2011 and 2014 Franchise Agreements, they would "not directly or indirectly, for a fee or charge, in the United States or Canada, prepare or electronically file income tax returns, or offer Financial Products, except, if applicable, in [their] capacity as a … Liberty Tax franchisee pursuant to a valid … Liberty franchise agreement."

24. Pursuant to Section 10 of the 2011 and 2014 Franchise Agreements, Defendants agreed to a post-term covenant not to compete ("Non-Compete") for a "period of two (2) years following the termination, expiration, transfer or other disposition of the Franchise Business," agreeing "not to directly or indirectly, for a fee or charge," prepare or electronically file income tax returns or offer Financial Products within the Territory or within twenty-five miles of the boundaries of the Territory."

25. Pursuant to Section 10 of the 2011 and 2014 Franchise Agreements, Defendants agreed that, for a period of two (2) years following termination, expiration, transfer, or other disposition of the Franchised Business or their

removal as signators, they would not, within the Territory or twenty-five miles of the boundaries of the Territory, directly solicit any person or entity served by any of their prior Liberty offices for the purpose of offering such person or entity, for a fee or charge, income tax preparation, electronic filing of tax returns, or Financial Products.

26. Pursuant to Section 10 of the 2011 and 2014 Franchise Agreements, Defendants agreed they "will not lease, sub-lease, assign or guaranty a lease in the Territory to or for a person or entity who will offer income tax preparation at such an office."

27. Pursuant to Section 10 of the 2011 and 2014 Franchise Agreements, Defendants agreed to "use reasonable good faith efforts to help Liberty secure possession of the office locations through a lease assignment or otherwise" and to "use reasonable, good faith efforts to ensure that, for a twenty-four (24) month period after non-renewal or termination of this Agreement, no person or entity will offer income tax preparation at the properties where your former Liberty offices were located."

28. Pursuant to Section 10 of the 2011 and 2014 Franchise Agreements, Defendants agreed that the provisions of Section 10 are "reasonable, valid and not contrary to the public interest."

29. Defendants agreed to "waive all defenses to the strict enforcement" of Section 10.

30. Pursuant to Section 10 of the 2011 and 2014 Franchise Agreements, Defendants agreed to not disparage Liberty, its employees or officers.

31. Section 17 of the 2014 Franchise Agreement and Section 15 of the 2011 Franchise Agreement provides that "Virginial law governs all claims that in any way relate to or arise out of this Agreement or any of the dealings of the parties hereto."

32. Section 26 of the 2014 Franchise Agreement and Section 21 of the 2011 Franchise Agreement contains a personal guaranty whereby Defendants agreed to abide by the terms therein, including making all payments specified in the Franchise Agreements.

33. Section 18 of the 2011 Franchise Agreement and Section 16 of the 2014 Franchise Agreement contains a provision that requires any modification of the agreements be in writing signed by both parties.

34. Section 19 of the 2011 Franchise Agreement and Section 17 of the 2014 Franchise Agreement contains a provision that releases Liberty from "any and all claims relating to or arising out of any franchise agreement between the parties executed prior to the date of this Agreement, and all other claims relating to any dealings between any of the parties."

35. Section 21 of the 2011 Franchise Agreement and Section 19 of the 2014 Franchise Agreement contain a provision that states the agreements are "the entire agreement" between the parties and "supersedes all other prior oral and written agreements and understandings between" the parties.

36. The Promissory Note amount is $32,000 with an interest rate of 12% per annum, payable in three yearly interest only payments beginning on February 28, 2015 with the principal amount plus all remaining interest due on February 28, 2018.

37. The Promissory Note provides that Defendants shall "pay all attorneys' fees and other costs and expenses that Liberty may incur in connection with the collection or enforcement of this Note."

38. The Promissory Note sets forth events that constitute default, including "(a) any default in the payment of any installment or payment of principal, interest, or other amounts due and payable under this Note; …(c) any default by [Defendants] in the performance of, or compliance with, any provision in this Note or other agreement, document, or instrument to which any [Defendant] and Liberty are parties…"

39. The Promissory Note provides that, "If an event of default shall occur or if the undersigned shall fail to pay this Note in full at maturity, the entire unpaid

balance of this Note and all accrued interest shall become immediately due and payable, at the option of Liberty, without notice or demand to any Obligor."

40. The Note contains a choice of law provision which states that it "shall be construed in all respects and enforced according to the laws of the Commonwealth of Virginia."

41. Picasso Trigger currently operates its business from 2911 Kaiili Road, Haiku, HI, 270 Lahainaluna Road, 535 Lipoa Parkway, and 62 N. Market Street, Wailuku.

42. Picasso Trigger currently uses the phone number (808) 662-3829.

43. On October 28, 2015, Picasso Trigger operated a business page on Facebook.

44. Defendants did not pay royalties, advertising fees, and interest owed pursuant to the 2011 and 2014 Franchise Agreements.

45. Defendants did not pay any amounts owed pursuant to the Promissory Note.

46. Defendants informed the landlord for the 2014 Franchise Location that a Liberty employee committed the crime of data theft. This accusation caused the landlord to refuse to allow Picasso Trigger to assign the 2014 Franchise Location to Liberty.

47. Between 2011 and 2019, Defendants secured new clients for Liberty and for Picasso Trigger.

48. Liberty terminated the 2014 Franchise Agreement on September 5, 2019 for breaches of the agreement.

### B. Conclusions of Law

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

3. The parties choice of law provision governs and all claims shall be interpreted according to the laws of the Commonwealth of Virginia.

4. The 2011 and 2014 Franchise Agreements are valid, enforceable contracts between Defendants and Liberty.

5. Each defendant is jointly and severally liable.

6. Defendants breached Section 4 of the 2011 and 2014 Franchise Agreements by failing to pay royalties, advertising fees, and interest in full when due.

7. Defendants breached Section 9 of the 2011 and 2014 Franchise Agreements by failing to transfer the 2011 and 2014 Franchise Location phone numbers to Liberty upon termination of the agreements.

8. Defendants breached Section 10 of the 2011 and 2014 Franchise Agreements by operating Picasso Trigger, a business that offered personal income tax preparation and electronic filing, during the term of the 2011 and 2014 Franchise Agreements.

9. Defendants breached Section 10 of the 2011 and 2014 Franchise Agreements by operating Picasso Trigger, a business that prepared and electronically filed income tax returns or offered other financial products within two (2) years following the termination of the agreements or within the franchise territory, or within twenty-five (25) miles of the territory.

10. Defendants breached Section 10 of the 2011 and 2014 Franchise Agreements by failing to assign or using reasonable good faith efforts to help Liberty secure possession of the 2011 and 2014 Franchise Locations or ensure no person or entity offers income tax preparation services at the 2011 and 2014 Franchise Locations.

11. Defendants breached the 2011 and 2014 Franchise Agreements by disparaging Liberty's employee by accusing her of committing the crime of data theft.

12. Defendants' operation of Picasso Trigger breached the 2011 and 2014 Franchise Agreements.

13. Any representations, discussions, agreements, or understandings between the parties prior to executing the 2011 and 2014 Franchise Agreements are invalid and unenforceable.

14. Defendants breached the Promissory Note by failing to make any payments due under the note.

15. Defendants are jointly and severally liable for the amounts owed pursuant to the Promissory Note.

16. Liberty is entitled to the award of attorneys' fees and costs pursuant to the 2011 Franchise Agreement, 2014 Franchise Agreement, and Promissory Note.

17. Defendants' breaches of the 2011 Franchise Agreement, 2014 Franchise Agreement, and Promissory Note caused Liberty damages.

18. Defendants owe Liberty damages for overdue royalties, advertising fees, interest, and monies due under the Promissory Note in the amount of $209,671.98 exclusive of interest.

19. Liberty has suffered damage to its reputation, goodwill and customer loyalty due to Defendants' breaches of the 2011 and 2014 Franchise Agreements.

20. Liberty is entitled to additional damages due to Defendants' breach of the Non-Compete covenants in the 2011 and 2014 Franchise Agreements.

21.     Liberty is entitled to an order requiring Defendants to comply with the Non-Compete and non-solicitation provisions of the 2011 and 2014 Franchise Agreements. If such order is not issued, Liberty will continue to suffer damages.

22.     Based on the foregoing, the Court concludes that judgment shall enter in favor of Liberty and against Defendants.

DATED:   Honolulu, Hawaiʻi, _____.


_____
Honorable Jill A. Otake
Judge, United States District Court
District of Hawaiʻi