GORDON REES SCULLY MANSUKHANI LLP

MIA D. OBCIANA            8242
SABRINA M. KAWANA         10786
500 Ala Moana Boulevard, Suite 7400
Honolulu, Hawaii 96813
Telephone: (808) 441-1824
Facsimile: (808) 464-6535
Email: mobciana@grsm.com; skawana@grsm.com

Attorneys for Plaintiff
JTH TAX LLC d/b/a LIBERTY TAX SERVICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>OWEN H. D'SOUZA, NORMA C. D'SOUZA, and PICASSO TRIGGER COMPANY LLC,<br><br>　　　　　　Defendants. | 1:20-CV-00087 JAO-KJM<br><br>PLAINTIFF JTH TAX LLC d/b/a LIBERTY TAX SERVICE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE ANY NEW DEFENSE THEORIES; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE<br><br>Trial Date: June 28, 2021<br>Time:　　　8:30 A.M.<br>Judge:　　Hon. Jill A. Otake |

PLAINTIFF JTH TAX LLC d/b/a/ LIBERTY TAX SERVICE'S
MOTION *IN LIMINE* NO. 4 TO EXCLUDE ANY NEW DEFENSE THEORIES

Plaintiff JTH Tax LLC d/b/a Liberty Tax Service ("Liberty"), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully moves this Honorable Court *in limine*, to preclude Defendants Picasso Trigger Company, LLC ("Picasso Trigger"), Owen H. D'Souza ("D'Souza"), and Norma C. D'Souza (collectively "Defendants") from introducing at trial any new defense theories.

Throughout the course of this case, Defendants have consistently maintained that they did not breach the July 2011 and April 2014 Franchise Agreements. Defendants claimed they were not operating a competing business because the services offered by Picasso Trigger Company and Liberty Tax Service are different, therefore the non-compete clause in the Franchise Agreements were not violated. Additionally, Defendants claimed that Liberty was responsible for Picasso Trigger's poor financial performance because Liberty did not provide the technical training and support Defendants believed they were entitled to. Defendants also accuse their former office manager of "data theft" by stealing customer information to take to a Liberty corporate store.

For the first time during a hearing on Liberty's Motion *in Limine* No. 1, Defendants now claim that Liberty's Area Developer ("AD") was directly responsible for Defendants' breach of the Franchise Agreements. Defendants claim that the AD "stole" Picasso Trigger's office manager, who in turn "stole"

2

Defendants' customer information. The "data theft" Defendants allege supposedly led to a dramatic decrease in its revenue and is the sole cause of Defendants failing to fulfill their financial obligations under the Franchise Agreements.

Defendants should be precluded from introducing evidence or testimony related to this newly discovered defense as it is highly prejudicial to Plaintiff. From the moment Defendants retained counsel, they have claimed they were not in breach and insisted Picasso Trigger's business is not a competing business in violation of the non-compete. To introduce a new legal theory less than four days before trial is set to begin, prevents Liberty from investigating and preparing to address Defendants' theory of the case.

Defendants' and their counsel have consistently shown no regard for the Federal Rules of Civil Procedure or the Court's orders. Their actions to date have demonstrated that they do not have any respect for procedure, rules, the Court's time, or Plaintiff's and have caused Plaintiff to incur unnecessary additional expenses and attorneys' fees.

//

//

//

This Motion is brought pursuant to Rule 7 of the Federal Rules of Civil Procedure and Rules 401, 402, and 403 of the Federal Rules of Evidence, and is based on the attached memorandum in law, and the records and files herein.

DATED: Honolulu, Hawaiʻi, June 25, 2021.

                                       /s/ Mia D. Obciana
                                       MIA D. OBCIANA
                                       SABRINA M. KAWANA
                                       Attorneys for Plaintiff
                                       JTH TAX LLC d/b/a
                                       LIBERTY TAX SERVICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE,    ) | 1:20-CV-00087 JAO-KJM |
| ) | |
| ) | MEMORANDUM IN SUPPORT |
| Plaintiff,    ) | OF MOTION |
| vs.    ) | |
| ) | |
| OWEN H. D'SOUZA, NORMA C. D'SOUZA, and PICASSO TRIGGER COMPANY LLC,    ) | |
| ) | |
| Defendants.    ) | |
| _____    ) | |

## MEMORANDUM IN SUPPORT OF MOTION

### I.  PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on February 24, 2020. Dkt. 1. Defendants were served on May 4, 2020. Dkt. 14-16. On May 27, 2020, Defendants' counsel entered his appearance. Dkt. 18, 19. 209 days after Defendants were served with the Complaint and 186 days after Defendants' counsel made his appearance, Plaintiff filed for Entry of Default. Dkt. 32. Five days later, on December 3, 2020, default was entered against Defendants. Dkt. 33.

On December 15, 2020, Defendants filed their first motion to set aside default. Dkt. 34. Due to Defendants' failure to follow Local Rules, the motion was

denied. Dkt. 36. Defendants filed their second motion to set aside default on December 28, 2020. Dkt. 38. Default was set aside on January 26, 2021. Dkt. 42.

On January 26, 2021, 338 days after the Complaint was filed, and almost one month after default was set aside, Defendants filed their Answer. Dkt. 43. That same day, Defendants filed a motion to extend time to file dispositive motions and a motion to extend the discovery cutoff. Dkt. 44, 45. On January 27, 2021, the motions were denied due to Defendants' failure to follow the same Local Rule that led to the denial of their first motion to set aside default. Dkt. 46.

On April 16, 2021, 74 days before the scheduled trial date, Defendants filed a motion for leave to file a counterclaim. Dkt. 58. In Defendants' Proposed Counterclaim, Defendants claim that Liberty breached the Franchise Agreements by selling what Defendants deemed to be "prime territory" and failing to provide adequate training and support. Dkt. 58-2, p. 4. Defendants also alleged that because he was given only a "small budget" to open his office, he was forced to incur additional debt in hiring staff and attending trainings. Dkt. 58-2, pp. 6, 7, 17. Defendant claimed that as soon as money would come in from doing tax work for clients, Liberty would "intercept the fee[,]" resulting in Defendants having to work nights, and weekends to make enough money to finance the office. Dkt. 58-2, p. 10. Defendants stated, "The only way for Defendants to be profitable…was to operate multiple store locations[.]" *Id.* Defendant goes on to allege that the office

2

manager left and the AD "poached" staff from his office. Dkt. 58-2, p. 11. However, Defendants were clear that their financial problems far predated the office manager's resignation.

The Court denied Defendants' motion on April 22, 2021 for failing to timely file a counterclaim as required by Fed. R. Civ. P. 15(a)(1)(B), failing to abide by the deadline to amend pleadings in the Rule 16 Scheduling Order, and failing to (again) comply with Local Rules. Dkt. 59.

On April 30, 2020, Defendants responded to Plaintiff's discovery responses. Dkt. 60. None of Defendants' discovery responses indicated they believed their breach was caused by the AD's actions in "stealing" their office manager. In Defendant Picasso Trigger's response to Liberty's First Request for Answers to Interrogatories, it admits that it wanted to use its franchise agreement with Liberty as an "opportunity…to build/expand [Picasso Trigger's] business." Exhibit "A," p. 7. Picasso Trigger also admits that it had not been making payments to the 2011 franchise agreement. Exhibit "A," p. 8. Picasso Trigger goes on to state that it "never had any issues with Liberty and really though (sic) we could turn the business around in spite of the breach[.]" Exhibit "A," p. 14.

On May 11, 2021, Defendants filed their Final Pretrial Statement. Dkt. 66. Defendants' Final Pretrial Statement failed to list all exhibits to be used at trial, failed to accurately list the motions that had been filed in this case, and failed to

3

state the points of law to be addressed. Defendants claimed that "[t]here is no infringement because Defendants business (sic) is different than Liberty's business." Dkt. 66, p. 14. On June 1, 2021, June 3, 2021, and June 12, 2021, Defendants attempted to serve Plaintiff with different versions of their Exhibit List, in violation of the Rule 16 Scheduling Order and Fed. R. Civ. P. Rule 26(a)(3)(B).

Pursuant to the Rule 16 Scheduling Order, on June 15, 2021, the parties were required to file their Proposed Findings of Fact and Conclusions of Law. Defendants did not file their Proposed Findings. On June 16, 2021, the Court issued an EO instructing Defendants to file their Proposed Findings by 5:00 p.m. on June 16, 2021. Dkt. 98. Instead, Defendants filed their Proposed Findings on June 17, 2021. Dkt. 100.

During the hearing on Plaintiff's motions in *limine*, Defendants for the first time, argued that their defense was based on the actions of the AD on Maui in 2014. Defendants stated that the AD "stole" his office manager who committed "data theft" by taking customer information to Liberty.

## II. ARGUMENT

Various federal rules seek to prevent unfair surprise. While most cases discuss unfair surprise in the context of late discovery, cases from other jurisdictions have made it clear that the unfair surprise being prevented by sanctions for untimely disclosures apply to other aspects of a case. *See Barcai v.*

4

*Betwee*, 98 Hawaiʻi 470 (2002) (plaintiff had a duty to supplement an expert's report if the expert was going to propound a different theory at trial than he had during his deposition as Rule 26 was "designed to promote candor and fairness in the pretrial discovery process and to eliminate surprises at trial.") (internal citations omitted).

Defendants failed to raise their newly discovered theory that the AD was directly responsible for their breach of the franchise agreements in their Answer, Proposed Counterclaim, responses to discovery, during Picasso Trigger's 30(b)(6) deposition, and their Final Pretrial Statement. To allow Defendants to pursue a new theory that changes percipient witnesses to essential witnesses less than one week before trial is clearly prejudicial.

Fed. R. Civ. P. 26(a) requires parties to disclose information related to witnesses who are "likely to have discoverable information…that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014).

By failing to disclose its newest defense theory, Defendants essentially prevented Plaintiff from conducting discovery that would lead to evidence that

would contradict their claims. This leads to the inability for Plaintiff to identify documents and witnesses that would rebut Defendants' claims.

Precluding witnesses and evidence that is untimely disclosed due to unfair surprise is not a novel concept. *See Stone Brewing Co., LLC v. Millercoors LLC*, 2021 WL 63139, at *6 (S.D. Cal. Jan. 7, 2021) (finding that the court may exclude a witness' testimony if it presents an unfair surprise to an opposing party); *Shaughnessy v. LVNV Funding, LLC*, 2021 WL 1238876, at *5 (S.D. Cal. Apr. 2, 2021) (admonishing plaintiff for failing to disclose a witness' role on the eve of the discovery cut off). While the disclosure of a witness' identity is not at issue here, the same concerns regarding unfair surprise are involved in a party waiting until the eve of trial to inform the opposing party of a new defense theory.

The prejudice here is obvious. Defendants' consistent failure to abide by court deadlines has led to Plaintiff being required to incur additional attorneys' fees to go through new exhibits, examine the record for references to new defense theories, and file supplemental briefs to address Defendants' ever-evolving case.

The protections afforded by Fed. R. Civ. P. Rule 26 against unfair surprise is also found in Fed. R. Civ. P. Rule 8(c) wherein failure to plead an affirmative defense leads to waiver of such defense. *See In re Allustiarte*, 786 F.2d 910, 914 (9th Cir.), *cert. denied*, 479 U.S. 847, 107 S.Ct. 169, 93 L.Ed.2d 107 (1986); C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1278 (1990). "The

purpose behind Rule 8(c) is to give a plaintiff adequate notice prior to trial of the defenses that defendant intends to assert." *Tancredi v. Dive Makai Charters*, 823 F.Supp. 778, 785 (D.Haw.1993) (citing *Bank Leumi Le-Israel v. Lee*, 928 F.2d 232, 235 (7th Cir.1991)).

Here, Defendants have essentially ambushed Plaintiff with a new defense theory less than a week before trial. All discovery deadlines, witness designation deadlines, and document exchange deadlines have passed. Plaintiff has no way to address this new defense this close to trial. All principles of fairness dictate that Defendants' new theory should be excluded.

### III.    CONCLUSION

Based on the foregoing, Liberty respectfully requests the Court grant its Motion and issue an order *in limine*, precluding Defendants from asserting any new defense theory.

DATED:    Honolulu, Hawai'i, June 25, 2021.

        /s/ Mia D. Obciana
MIA D. OBCIANA
SABRINA M. KAWANA
Attorneys for Plaintiff
JTH TAX LLC d/b/a
LIBERTY TAX SERVICE

7