MIA D. OBCIANA          8242
SABRINA M. KAWANA       10786
GORDON REES SCULLY MANSUKHANI LLP
500 Ala Moana Boulevard, Suite 7400
Honolulu, Hawaii 96813
Telephone:  (808) 441-1824
Facsimile:  (808) 464-6535
Email:  mobciana@grsm.com

Attorneys for Plaintiff
JTH TAX LLC d/b/a LIBERTY TAX SERVICE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE,<br><br>Plaintiff,<br>vs.<br><br>OWEN H. D'SOUZA, NORMA C. D'SOUZA, and PICASSO TRIGGER COMPANY LLC,<br><br>Defendants. | 1:20-CV-00087 JAO-KJM<br><br>PLAINTIFF JTH TAX LLC d/b/a/ LIBERTY TAX SERVICE'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT; EXHIBIT 1-2; DECLARATION OF MIA D. OBCIANA; CERTIFICATE OF SERVICE |

**PLAINTIFF JTH TAX LLC d/b/a/ LIBERTY TAX SERVICE'S
MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff JTH TAX LLC d/b/a LIBERTY TAX SERVICE ("Liberty") hereby moves this honorable Court for an award of its attorneys' fees and costs as the prevailing party in this case.

This motion is made pursuant to Fed. R. Civ. P. Rule 54(d)(2)(B), Local Rule 54.3(a), and Haw. Rev. Stat. § 607-14 and is supported by the attached Memorandum in Support, the declarations and exhibits attached hereto, and the records and files in this case.

DATED:   Honolulu, Hawaiʻi, October 8, 2021.

                                          /s/ Mia D. Obciana
                                          MIA D. OBCIANA
                                          Attorney for Plaintiff
                                          JTH TAX LLC
                                          d/b/a LIBERTY TAX SERVICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>OWEN H. D'SOUZA, NORMA C. D'SOUZA, and PICASSO TRIGGER COMPANY LLC,<br><br>　　　　　　　　Defendants. | 1:20-CV-00087 JAO-KJM<br><br>MEMORANDUM IN SUPPORT |

## I.　**INTRODUCTION**

As the prevailing party, Liberty is entitled to an award of its attorneys' fees and costs both by statute and pursuant to three different written agreements between the parties.

## II.　**RELEVANT FACTS**

Liberty filed its Complaint against Defendants Owen H. D'Souza, Norma C. D'Souza, and Picasso Trigger (collectively "Defendants") on February 24, 2020 ("Complaint"). Trial was held via Zoom Video Conference on June 28, 2021 and concluded on June 29, 2021.

Liberty's Complaint alleged 12 causes of action: 1) Breach of Franchise Agreements (Equitable Claim) ("Count I"); 2) Breach of Franchise Agreements (Monetary Claim) ("Count II"); 3) Breach of the Franchise Agreement (Accounts Receivable & Promissory Note) ("Count III"); 4) Accounts Receivable Note Guaranty ("Count IV"); 5) Breach of the Franchise Agreement §10(a) (Monetary Claim) ("Count V"); 6) Federal Trademark Infringement ("Count VI"); 7) False Designation and Misrepresentation of Origin ("Count VII"); 8) Federal Trademark Dilution ("Count VIII"); 9) Defend Trade Secrets Act ("Count IX"); 10) Unjust Enrichment/Restitution ("Count X"); 11) Request for Preliminary Injunction ("Count XI"); and 12) Request for Permanent Injunction ("Count XII").

After conclusion of trial, this Court ruled in Liberty's favor on Counts II, III, and V and awarded $267,258.96 in damages against Defendants and $67,288.11 against Defendants Owen H. D'Souza and Norma C. D'Souza.

### III.     LIBERTY IS ENTITLED TO ATTORNEYS' FEES AND COSTS

A federal district court siting in diversity must apply state law in determining whether the prevailing party is entitled to an award of attorneys' fees. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000). Hawai'i law states, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." *Stanford Carr Dev. Corp.*

*v. Unity House, Inc.*, 111 Hawaiʻi 286, 305, 141 P.3d 459, 478 (2006) (citing *Weinberg v. Mauch*, 78 Hawaiʻi 40, 53, 890 P.2d 277, 290 (1995)).

Here, the governing documents, a franchise agreement dated July 7, 2011 covering territory in and around Kihei, Maui ("2011 Franchise Agreement") and a franchise agreement dated April 18, 2014 covering territory in and around Lahaina, Maui ("2014 Franchise Agreement") both contain choice of law clauses that state Virginia law governs any matters between the parties related to these two documents. Therefore, Virginia law should apply to Liberty's status as prevailing party and being entitled to attorneys' fees.

In the alternative, should the choice of law provision not apply to the question of whether Liberty is entitled to attorneys' fees, under Hawaiʻi law, Liberty is still the prevailing party and thus entitled to its attorneys' fees.

### A. Virginia Law Should Apply

A federal district court sitting in diversity jurisdiction "must apply the choice of law rules of the state in which it sits." *Double K Properties, LLC v. Aaron Rents, Inc.*, 2003 WL 22697218 at *2 (W.D. Va. Nov. 14, 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

In Hawaiʻi, "[w]hen the parties choose the law of a particular state to govern their contractual relationship and the chosen law has some nexus with the parties or the contract, that law will generally be applied." *Airgo, Inc. v. Horizon Cargo*

3

*Transport, Inc.*, 670 P.2d 1277, 1281 (Haw. 1983) (citing *Restatement (Second) of Conflict of Laws* § 187 (1971)).

Here, the 2011 and 2014 Franchise Agreements both include a choice of law provision. In such situations, the Hawaiʻi Supreme Court is normally "guided by" section 187 of the Restatement (Second) of Conflict Laws. *See Del Monte Fresh Produce (Hawaii), Inc. v. Fireman's Fund Ins. Co.*, 183 P.3d 734, 741 (Haw.2007) (citing *Airgo*, 670 P.2d at 1281); *Ingalls v. Gvt. Employees Ins. Co.*, 903 F.Supp.2d 1049, 1055 (D.Haw. 2012).

> Restatement (Second) of Conflict Laws, Section 187 states, in pertinent part:
>
> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
>> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>>
>> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Restatement (Second) of Conflict of Laws* § 187(1)-(2) (1971).

§ 187(1) has been met. The Franchise Agreement includes, and Defendants and Liberty specifically agreed that any disputes arising from the agreement would be governed by the laws of the Commonwealth of Virginia. This includes a determination as to whether Liberty is the prevailing party and thus entitled to an award of attorneys' fees. However, assuming the Court somehow finds that the Franchise Agreement's express provision is insufficient, an analysis of § 187(2) also shows that Virginia law should apply.

The express language of § 187(2) states that the parties' Virginia choice of law provision should be applied unless (1) Virginia has no substantial relationship to the parties or the transaction; or (2) application of Virginia law would be contrary to a fundamental policy of Hawaiʻi which has a materially greater interest than Virginia in the determination of the issues in this case and, under 188 of the Restatement, Hawaiʻi law would apply in the absence of an effective choice of law by the parties. "Notwithstanding the plain language of § 187(2), the Hawaiʻi Supreme Court has rejected § 188 'when confronted with a conflict between the law of Hawaiʻi and that of another state…'" *Wilcox v. Lloyds TSB Bank, PLC*, 2014 WL 12780002, at * 9 (D. Haw. June 10, 2014) (quoting *Del Monte*, 183 P.3d at 741); see *Mikelson v. United Servs. Auto. Assoc.*, 111 P.3d 601, 610 (Haw. 2005); see also *Ingalls*, 903 F.Supp.2d at 1056.

5

Due to the Hawaiʻi Supreme Court's rejection of § 188 where there is a conflict between the law of Hawaiʻi and Virginia, the 2011 and 2014 Franchise Agreements' choice of law provision should be applied unless there is no substantial relationship between the parties and Virginia or Hawaiʻi has a greater interest in the determination of the issues than Virginia. Just as this Court determined Virginia law should apply to the analysis of the claims adjudicated at trial, Virginia law should also apply in determining whether Liberty is entitled to attorneys' fees.

### B. Liberty Is the Prevailing Party

In Virginia, prevailing party is "a party in whose favor the judgment is rendered, regardless of the damages awarded." *Tattoo Art, Inc. v. Tat Intern., LLC*, 711 F.Supp.2d 645, 654-55 (E.D. Va. 2010) (citing *Sheets v. Castle*, 559 S.E.2d 616, 620 (Va. 2002)). In this case, Liberty prevailed on the majority of its claims and should be found to be the prevailing party.

Hawaiʻi courts have determined that "[a] party is a 'prevailing party' when '(1) it wins on the merits of its claim, (2) the relief received materially alters the legal relationship between the parties by modifying the defendant's behavior, and (3) that relief directly benefits the plaintiff.'" *UFO Chuting of Haw. v. Smith*, 508 F.3d 1189, 1197 (9th Cir.2007) (quoting *Martinez v. Wilson*, 32 F.3d 1415, 1421-22 (9th Cir.1994)); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("A typical

6

formulation is that plaintiffs may be considered the 'prevailing parties' for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in brining suit." (citation and quotation signals omitted)); *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."); *see also Li v. Keisler*, 505 F.3d 913, 917 (9th Cir.2007).

Generally, "the litigant in whose favor judgment is rendered is the prevailing party." *Oahu Publications, Inc. v. Abercrombie*, 134 Haw. 16, 24, 332 P.3d 159, 167 (2014).

### C. Liberty Is Contractually Entitled to An Award of Attorneys' Fees and Costs

Under Virginia law, "the primary exception to the general rule that [attorneys'] fees must be proved at trial is where the contract provides for recovery of attorney's fees by the prevailing party." *Kraft Foods N. Am., Inc. v. Banner Eng'g Sales, Inc.*, 446 F.Supp.2d 551, 578 (E.D.Va.2006) (citing *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir.2000)); *see also Mullins v. Richards Nat'l Bank*, 241 Va. 447, 449 (Va. 1991) (a prevailing party may recover attorneys' fees if the contract contains a provision providing them). Here, the Promissory Note – Sole Proprietorship or Partnership, dated April 18,

7

2014 ("Promissory Note") contains a provision stating Liberty is entitled to its attorneys' fees:

> The undersigned agrees to pay all attorneys' fees and other costs and expenses that Liberty may incur in connection with the collection or enforcement of this Note or the preservation or disposition of any collateral for the payment of this Note.

Here, Liberty is entitled to attorneys' fees and related costs based on the Promissory Note. In Virginia, contractual provisions shifting attorneys' fees are valid and enforceable. *Mullins v. Richards Nat. Bank*, 241 Va. 447, 449, 403 S.E.2d 334 (Va. 1991).

In the alternative, if the Court rejects the choice of law provision in the 2011 and 2014 Franchise Agreements, Liberty is nevertheless entitled to attorneys' fees under Hawai'i law. Haw. Rev. Stat. § 607-14 states, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing the provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

While Haw. Rev. Stat. § 607-14 limits awards of attorneys' fees to twenty-five percent of the judgment, the Hawai'i Supreme Court has limited this

restriction to "only an adjudication of rights in which no monetary liability is at issue." *DFS Grp. L.P. v. Paiea Props.*, 110 Hawai'i 217, 221, 131 P.3d 500, 504 (2006) (quoting *Food Pantry, Ltd. V. Waikiki Bus. Plaza, Inc.*, 58 Haw. 606, 621, 575 P.2d 869, 880 (1978)).

Although Hawai'i law limits the recovery of attorneys' fees, as argued earlier, Virginia law should apply to the question of whether Liberty's fees should be awarded. Virginia law contains no limit to the recovery of attorneys' fees.

### D. Liberty's Fees and Costs Are Reasonable

As the prevailing party, Liberty is entitled to reasonable attorneys' fees and costs. The court must assess the reasonableness of the requested fees by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

In both Hawai'i and Virginia, the reasonableness of attorneys' fees are based on the traditional "lodestar" calculation in *Id. See DFS Group*, 110 Hawai'i at 222, 131 P.3d at 505. Under this method, the court must determine the reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See id.* at 110 Hawai'i at 222-23, 131 P.3d at 505-06.

In determining whether the time and rate are reasonable, the court may consider:

9

(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause;

(2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients;

(3) the customary charges of the Bar for similar services;

(4) the amount involved in the controversy and the benefits resulting from the services;

(5) the contingency or the certainty of the compensation; and

(6) the character of the employment, whether casual or for an established and constant client.

*Chun v. Bd. of Trs. of Emps.' Ret. Sys. Of Haw. ("Chun II")*, 106 Hawaiʻi 416, 435, 106 P.3d 339, 358 (2005) (citations omitted).

While these factors are guidelines and not required to be considered, they may support applying a multiplier to increase or decrease the lodestar amount. *See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw. ("Chun I")*, 92 Hawaiʻi 432, 442, 992 P.2d 127, 137 (2000).

The "lodestar" calculation for each attorney and legal professional that worked on this litigation is the following:

| Name | Position | Hours Billed | Calculated Hourly Rate | Total Billed |
|---|---|---|---|---|
| Peter Siachos | Attorney | 25.8 | $315.00 | $8,127.00 |
| Catherine Slavin | Attorney | 22.3 | $311.21 | $6,939.90 |
| Bennett Chin | Attorney | 29.8 | $120.88 | $3,602.25 |
| Julia Whitelock | Attorney | 15.9 | $298.70 | $4,749.30 |
| Mia Obciana | Attorney | 213.5 | $245.74 | $52,466.40 |
| Patrick Tobia | Attorney | 32.8 | $270.00 | $8,856.00 |
| Sabrina Kawana | Attorney | 49.0 | $220.50 | $10,804.50 |
| Bernadette Plefka | Paralegal | 4.1 | $135.00 | $553.50 |
| Justin Shimomi | Case Assistant | 31.1 | $125.00 | $3,887.50 |
| Total | | | | $101,165.40 |

### 1. Reasonable Hourly Rate

While Virginia law governs the question of whether attorneys' fees are awardable, Hawai'i law and standards govern whether Liberty's fees are reasonable. Hawai'i courts have considered the traditional lodestar formula as well as federal law in determining whether an hourly rate is reasonable. *See e.g., County of Haw. v. C & J Coupe Family Ltd. P'ship*, 120 Hawai'i 400, 407, 208 P.3d 713,

720 (2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)) (determining a reasonable hourly rate based on "the prevailing market rates in the relevant community".) In evaluating the reasonableness of an hourly rate, courts take into consideration the billing attorney's experience, skill, and reputation. *See Webb v. Ada County*, 285 F.3d 829, 840 & n. 6 (9th Cir.2002). A reasonable hourly rate should be evaluated in light of the prevailing market rate in the community. *See id; Gates v. Deukmejan*, 987 F.2d 1392, 1405 (9th Cir.1992). *as amended on denial of reh'g*. (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

The attached Declaration of Mia D. Obciana ("Obciana Decl.") sets forth the background and hourly rate for each timekeeper who worked on this case. The rates for each attorney, paralegal and support staff are reasonable because they are in conformity with a "lodestar" calculation for the local market. Additionally, each timekeeper's hourly rate was discounted based on the tasks they performed in this case. Not only were the hourly rates discounted, but as shown in Liberty's attached bills, Liberty's counsel also discounted the overall billing total in multiple billing periods.

The attorneys and professionals who worked on this case have a wide range of experience, skills, and reputations in the community. An award of attorneys'

fees are calculated "according to prevailing market rates in the relevant community." This compares the requested rates to the actual billing rates of comparable attorneys in the market. The rates listed for Liberty's attorneys and professionals are more than reasonable in the Hawai'i market in which attorneys routinely bill up to $675 per hour.

For example, Peter Siachos' rate of $315 per hour is reasonable considering this Court's finding in *United States v. Hawaii Student Suites, Inc.*, 2012 WL 3134925, at *7 (D. Haw. May 28, 2021) in which the reasonable fee for an attorney who specialized in civil rights cases for nine years was $375. As stated in counsel's declaration, Mr. Siachos has been specializing in franchise law and commercial litigation for 21 years.

## 2. Hours Reasonably Expended

In evaluating the reasonableness of the hours expended, the Court should consider the factors in *Chun II* and none of the work billed for is excessive or unnecessary. All work billed was done in furtherance of evaluating Liberty's legal claims against Defendants, drafting motions, taking depositions, preparing for trial, and conducting trial. Additionally, the fact that the trial in this case was conducted remotely presented its own unique challenges and required additional work that would not have been incurred in a traditional in-person trial.

### E. Liberty is Entitled to Its Costs

Fed. R. Civ. P. 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing party." Haw. Rev. Stat. § 607-9 states:

> All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or party and deemed reasonable by the court may be allowed in taxation of costs.

*See also Buscher v. Boning*, 114 Haw. 202, 222-224, 159 P.3d 814, 834-36 (2007). Costs are also awardable on assumpsit and breach of contract claims under Haw. Rev. Stat. § 607-14. *See Fought & Co., Inc. v. Steel Eng'g & Erection, Inc.*, 87 Haw. 37, 53, 951 P.2d 487, 501 (1998).

### IV. CONCLUSION

Based on the foregoing, Liberty respectfully requests an award of attorneys' fees in the amount of $101,165.40 and costs in the amount of $3,734.97.

DATED:   Honolulu, Hawai'i, October 8, 2021.

        /s/ Mia D. Obciana
MIA D. OBCIANA
Attorney for Plaintiff
JTH TAX LLC
d/b/a LIBERTY TAX SERVICE